UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
                                  :

ANCHOR SALES & MARKETING, INC.,        :
                                    :

               *Plaintiff*,             :

               - against -         :          15-cv-4442 (RA)
                                    :

RICHLOOM FABRICS GROUP, INC.,         :

              *Defendant*.         :

------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6) OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**

                         TANNENBAUM HELPERN
                           SYRACUSE & HIRSCHTRITT, LLP
                         900 Third Avenue
                         New York, New York 10022
                         (212) 508-6700
                         *Attorneys for Defendant*

Of Counsel:
   L. Donald Prutzman
   Gerard F. Diebner

August 7, 2015

## **TABLE OF CONTENTS**

Page

Preliminary Statement......................................................................................1

Statement of Relevant Facts............................................................................2

ARGUMENT......................................................................................................4

I.    The Complaint Fails to State A Claim For Direct Infringement............................4

II.   In The Alternative, Anchor Should Be Compelled To Produce
      A More Definite Statement.................................................................7

CONCLUSION...................................................................................................8

# TABLE OF AUTHORITIES

Cases                                                                 Page(s)

*Addiction and Detoxification Institute, L.L.C. v. Carpenter,*
___ Fed. Appx. ___, 2015 WL 4430128 (Fed. Cir. July 21, 2015) .....................................5

*Allen v. WestPoint-Pepperell, Inc.,*
945 F.2d 40 (2d Cir. 1991)......................................................................................3

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009).............................................................................................4, 5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007).............................................................................................4, 5

*Chambers v. Time Warner, Inc.,*
282 F.3d 147 (2d Cir. 2002)....................................................................................3

*Cortec Indus., Inc. v. Sum Holding L.P.,*
949 F.2d 42 (2d Cir. 1991)......................................................................................3

*I. Meyer Pincus & Assoc., P.C. v. Oppenheimer & Co.,*
936 F.2d 759 (2d Cir. 1991)....................................................................................3

*In re Bill of Lading & Processing Sys. Patent Litig.,*
681 F.3d 1323 (Fed Cir. 2012)..............................................................................4, 5

*Joao Control & Monitoring Sys., LLC v. Slomin's, Inc.*
No. 14-CV-2598 (JG), 2015 WL 77516 (E.D.N.Y. Jan. 6, 2015) ........................5

*Kaplan, Inc. v. Yun,*
16 F. Supp. 3d 341 (S.D.N.Y. 2014).....................................................................2, 3

*Lyda v. CBS Corp.,*
2015 WL 4393120 (S.D.N.Y. July 16, 2015) at *3 ...........................................5, 6

*Lyda v. FreemantleMedia North America, Inc.,*
2011 WL 2898313 (S.D.N.Y. July 14, 2011) ...........................................................6

iii

| Cases | Page(s) |
|---|---|

*PSN Illinois, LLC v. Ivoclar Vivadent Inc.,*
525 F.3d 1159 (Fed. Cir. 2008).................................................................................6

*Regeneron Pharm., Inc. v. Merus B.V.,*
No.14-CV-1650 (KBF), 2014 WL 2795461 (S.D.N.Y. June 2014)...............................4, 5

*Smartwater, Ltd. v. Applied DNA Scis., Inc.,*
No. 12-CV-5731(JS) (AKT)
2013 WL 5540599, (E.D.N.Y. Sept. 27, 2013) ................................................5

*Telebrands Corp. v. Del Labs., Inc.,*
719 F. Supp. 2d 283 (S.D.N.Y. 2010)..........................................................................3

*Werner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.,*
520 U.S. 17 (1996)........................................................................................................6

iv

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
                                   :

ANCHOR SALES & MARKETING, INC.,        :

           *Plaintiff,*          :

          - against -         :        15-cv-4442 (RA)

RICHLOOM FABRICS GROUP, INC.,       :

          *Defendant.*        :

------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6) OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)

### <u>Preliminary Statement</u>

Defendant Richloom Fabrics Group, Inc. ("Richloom") moves to dismiss the Complaint of Plaintiff Anchor Sales & Marketing, Inc. ("Anchor") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  Anchor's Complaint fails to meet even the minimal requirements of Federal Form 18[1] because it provides no detail whatsoever as to which of Richloom's products allegedly infringe the asserted patent.  Rather, paragraph 5 of the Complaint merely alleges that Richloom has "manufactured, used, offered for sale and/or sold . . . products that infringe" Plaintiff's asserted patent.  For this reason alone, the Complaint is fatally defective and must be dismissed.

In the alternative, Richloom moves pursuant to Fed. R. Civ. P. 12(e) for a more definite statement.  Anchor has not only failed to allege which products allegedly infringe the asserted

---

[1]  Fed. R. Civ. P. 84, Appendix of Forms, Form 18 "Complaint for Patent Infringement."

patent, but has not pleaded any facts to show how any Richloom products infringe any claims of the patent. Richloom should not have to guess which of its products are accused of infringement, or how such products are alleged to infringe in order to prepare its defenses. At a minimum Anchor should identify which of Richloom's products allegedly infringe the asserted patent and further set forth facts showing how the accused product(s) infringe any patent claims.

## STATEMENT OF RELEVANT FACTS

Anchor accuses Richloom of infringing U.S. Patent No. 7,213,633 (the "'633 Patent") (Complaint, Ex A, copy at Diebner Dec,[2] Ex A). The '633 Patent contains eight claims. Claims 1 and 5 are independent claims and claim "[a] method of forming scalloped configuration in a double-layer curtain" (claim 1) or in a "single layer curtain" (claim 5). (Diebner Dec, Ext A, col. 4.) Critically, each claim requires the use of a "solid bead" to form the scalloped configuration. *See* claim 1(c) and 5(c).

Claims 2-4 of the '633 Patent ultimately depend from claim 1 and claims 6-8 ultimately depend from claim 5. As such, these dependent claims include all of the limitations of their parent claims, including the use of solid beads to form the scalloped configuration.

The prosecution history[3] is dispositive as to the scope of the '633 Patent claims. The application as originally filed (Diebner Dec, Ext B) contained, like the issued patent, eight

---

[2]  Declaration of Gerard F. Diebner, dated August 5, 2015, submitted in support of this motion.

[3]  In ruling on a motion to dismiss the Court may consider not only the facts stated on the face of the complaint, but also (a) documents appended to the complaint [such as the asserted patent here], (b) documents that are incorporated in the complaint by reference, (c) matters of which judicial notice may be taken [which includes official records of the United States Patent & Trademark Office, such as the prosecution history documents cited herein, *Kaplan, Inc. v. Yun,* 16 F. Supp. 3d 341, 346 (S.D.N.Y. 2014); *Telebrands Corp. v. Del Labs., Inc.,* 719 F. Supp. 2d 283, 287 n. 3 (S.D.N.Y.2010)., and (d) documents integral to the pleading, of which the pleader was aware and relied upon, even if the pleader chose not to attach them or refer to them in the

claims. Claims 1 and 5 were the only independent claims and each required the use of a "solid bead." (Diebner Dec, Ex B, at pp 9 (claim 1(c)) and 10 (claim 5(c))).

In an Office Action of the Patent & Trademark Office (Diebner Dec, Ext C), all eight claims were rejected as obvious over the prior art. *See* page 2. In an Amendment submitted to the Patent & Trademark Office (Diebner Dec, Ex D), the patent applicant argued that the claimed invention was not obvious over the prior art because the prior art did not disclose sliding beads through ties to form scalloped curtains. Indeed, at page 7 of the Amendment, the patent applicant argued that this "is the essence of this invention for forming the desired configuration in the curtain."

The argument was persuasive to the Examiner and the Patent Office issued a Notice of Allowance. (Diebner Dec, Ex E.) At page 2 of the Notice of Allowance the Examiner stated his reasons for allowing the application: "The following is an examiner's statement of reasons for allowance: the prior art of record does not disclose a method as recited wherein two ties are passed through a bead to position a curtain at desired heights."

Based on the clear claim language, the arguments the patent applicant made in the Amendment (Diebner Dec, Ex D) and the Examiner's reasons for allowance (Diebner Dec, Ex E), the claims of the '633 Patent all require the use of beads slid along ties to adjust the scalloped configuration of the curtains. As demonstrated below, unless the Plaintiff can plead and prove that an accused Richloom curtain product uses a bead or bead equivalent slid along ties to

---

complaint [including the patent prosecution documents cited herein]. *Chambers v. Time Warner, Inc.,* 282 F.3d 147 (2d Cir. 2002); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42 (2d Cir. 1991); *Allen v. WestPoint-Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir. 1991); *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.,* 936 F.2d 759 (2d Cir. 1991).

achieve a scalloped configuration, which Plaintiff cannot do, Plaintiff's claim is meritless and should not be allowed to proceed.

## ARGUMENT

## I.

## THE COMPLAINT FAILS TO STATE A CLAIM FOR DIRECT INFRINGEMENT.

To survive a motion to dismiss, a complaint must plead "enough factual matter" that, when taken as true, "state[s] a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007). "A claim has factual plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Federal Circuit has held, however, that under current law, a complaint for direct patent infringement can survive a Rule 12(b)(6) motion if complies with the bare-bones pleading requirements of Form 18 of the Appendix of Forms to Fed. R. Civ. P. 84.[4] *In re Bill of Lading & Processing Sys. Patent Litig.,* 681 F.3d 1323, 1334 (Fed. Cir. 2012).

In this district, the relationship between the *Iqbal/Twombly* standard and Form 18 is the subject of some tension. As Judge Caproni recently noted:

> The district courts in this Circuit have not been entirely consistent regarding whether *Iqbal/Twombly* or Form 18 controls the pleading standard for direct

---

[4]   Form 18 is, however, unlikely to satisfy the minimum standards for pleading direct patent infringement much longer. The Supreme Court has promulgated, and transmitted to Congress, amendments to the Federal Rules of Civil Procedure that abrogate Rule 84 and its Appendix of Forms, including Form 18. U.S. Supreme Court Miscellaneous Order, April 29, 2015, available at http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. Unless Congress intervenes by December 1, 2015, this change will take effect. Patent pleadings will thereafter presumably be subject to the more exacting pleadings standards of *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556, 570 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) applicable to federal court pleadings generally.

infringement cases. *Compare Regeneron Pharm., Inc. v. Merus B.V.,* No. 14–CV–1650 (KBF), 2014 WL 2795461 (S.D.N.Y. June 19, 2014) (applying both standards and noting that the higher *Iqbal/Twombly* standard should apply because Second Circuit precedent suggests that the *Iqbal/Twombly* plausibility standard applies to all civil cases), *with Joao Control & Monitoring Sys., LLC v. Slomin's, Inc.,* No. 14–CV–2598 (JG), 2015 WL 77516, at *1 (E.D.N.Y. Jan. 6, 2015) (the Form 18 standard applies because "[t]he Federal Circuit has found that the adequacy of a pleading of direct infringement is measured by the specificity required in Form 18 of the Federal Rules of Civil Procedure."). Although "the Federal Circuit has informed [the courts] that 'whether [a complaint] adequately plead[s] direct infringement is to be measured by the specificity required by Form 18,' " *Smartwater,* [*Ltd. v. Applied DNA Scis., Inc.,* No. 12–CV–5731(JS) (AKT), 2013 WL 5440599, at *3 (E.D.N.Y. Sept. 27, 2013)] 2013 WL 5440599, at *3 (quoting *In re Bill of Lading,* 681 F.3d at 1334), the Second Circuit has not addressed this issue directly. *See Joao Control & Monitoring Sys.,* 2015 WL 77516, at *1; *Regeneron Pharm.,* 2014 WL 2795461, at *1.

*Lyda v. CBS Corp.,* 2015 WL 4393120 (S.D.N.Y. July 16, 2015) at *3.

However, even if the more lax standard of Form 18 applies Plaintiff's complaint here fails to state a cause of action. Paragraph 3 of Form 18 requires the complaint to identify the infringing product or process. In Form 18, the example used is "electric motors." In the present case, Anchor merely alleges in paragraph 5 of its Complaint that "products" infringe the '633 Patent. This is plainly insufficient to comply with even the minimal requirements of Form 18, let alone *Bell Atlantic* and *Twombly.*

The Federal Circuit has recently ruled on precisely this type of situation. In *Addiction and Detoxification Institute, L.L.C. v. Carpenter,* ___ Fed. Appx. ___, 2015 WL 4430128 (Fed. Cir. July 21, 2015), plaintiff's complaint alleged that defendant's "activities, methods and procedures" infringed the patent at issue. Finding that this allegation provided no detail whatsoever that would put defendant on notice as to what activity, method or procedure would infringe the patent, the Federal Circuit ordered that the complaint be dismissed. *Id.* at *3.

Cases in this Circuit are to like effect. For example, in *Lyda v. CBS Corp.*, 2015 WL 4393120 (S.D.N.Y. July 16, 2015), the complaint was dismissed because it was "simply impossible to discern what actions, activities, services, or products are infringing Plaintiff's patents." *Id.* at *4. In *Lyda v. FremantleMedia North America, Inc.*, 2011 WL 2898313 (S.D.N.Y. July 14, 2011), the complaint was dismissed because "it fails to plead any information that identifies the infringing product or method or even the class or type of product or method." *Id.* at *3.

Richloom is faced with this exact situation. Anchor's allegation that "products" infringe the '633 patent provides Richloom with no detail whatsoever that would put Richloom on notice as to which products infringe or how they infringe. Therefore, Anchor's Complaint does not comply with even the minimal requirements of Form 18 and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

The reason that these missing facts are important here and this case should not be permitted to survive a motion to dismiss, or in the alternative, a motion for a more definite statement, without them, is that the fact will inevitably emerge that **Richloom does not make, use, sell or offer to sell in the United States scalloped curtains which use beads to form the scallops.** Rather, for Richloom's scalloped curtains the scalloped configuration is achieved by either cutting the scalloped configuration directly into the curtain's fabric or by using ties which are tied in a bow. Plaintiff is aware of this, assuming a proper pre-suit investigation was performed, yet Plaintiff insists on ignoring or obfuscating it in an attempt to prolong this meritless patent infringement suit beyond the pleading stage. As noted above, the use of a bead to form the scalloped configuration of the curtains is "the essence of" the patented invention. Unless an accused Richloom product uses a bead, or a device equivalent to a bead, to form a

scalloped configuration there can be no infringement. *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.,* 520 U.S. 17, 40 (1996) (essential inquiry is "does the accused product or process contain elements identical or equivalent to each claimed element of the patented invention"); *PSN Illinois, LLC v. Ivoclar Vivadent Inc.*, 525 F.3d 1159, 1167-68 (Fed. Cir. 2008) ("Under the 'all elements rule', 'an accused product or process is not infringing unless it contains each limitation of the claim, either literally or by an equivalent.") (*citations omitted).*

## II.

### IN THE ALTERNATIVE, ANCHOR SHOULD BE COMPELLED TO PRODUCE A MORE DEFINITE STATEMENT.

For the reasons set forth above, Richloom submits that Anchor's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). If the Court disagrees, then Richloom moves for a more definite statement pursuant to Fed. R. Civ. P. 12(e). Anchor's Complaint is so vague and ambiguous that Richloom cannot reasonably fashion a response.

Specifically, Anchor's allegation that Richloom's "products" infringe is plainly insufficient. Anchor should be compelled to identify with particularity which Richloom products are alleged to infringe. Anchor should be further compelled to state how the accused product allegedly infringes the claims of asserted patent, including whether the infringement is literal or by equivalency and plead a viable theory of how infringement occurs. As noted above, given the strong prosecution history of the '633 Patent (all claims require beads, the use of beads argued to be the "essence of this invention" to distinguish over the cited prior art, allowance of claims because the prior art does not disclose the use of beads), unless Anchor can truthfully plead facts alleging that an accused Richloom product uses beads or bead equivalents to form a scalloped curtain configuration Anchor cannot prevail and its claim is meritless. Because Anchor cannot

do so consistent with Rule 11, this frivolous patent action should not be permitted to survive the pleading stage.

## CONCLUSION

Richloom should not be forced to guess which of its products might infringe the '633 patent and how they might infringe.  Therefore, for the reasons set forth above, the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).  In the alternative, Anchor should be compelled to produce a more definite statement pursuant to Fed. R. Civ. P. 12(e) setting forth the above- requested information.

Dated:  New York, New York
        August 7, 2015

Respectfully submitted,

TANNENBAUM HELPERN SYRACUSE
 & HIRSCHTRITT LLP.


By:    s/L. Donald Prutzman
       L. Donald Prutzman
       Gerard F. Diebner
       900 Third Avenue
       New York, New York 10022
       (212) 508-6700

8