UNITED STATES DISTRICT COURT
for the
SOUTHERN DISTRICT OF NEW YORK

_____

ANCHOR SALES & MARKETING, INC.,

                      Plaintiff,        Civil Action No. 15-CV-04442 (RA)

  v.

RICHLOOM FABRICS GROUP, INC.,

                     Defendant.      PATENT NO. 7,213,633
_____

**PLAINTIFF ANCHOR SALES & MARKETING, INC.,
INITIAL DISLCOSURES**
_____

Plaintiff, ANCHOR SALES & MARKETING, INC., by its undersigned counsel, hereby submits their initial disclosures pursuant to F.R.C.P. 26(a)(1) as follows:

**I.**    **Rule 26(a)(1)(i)**: the name and, if known, the address and telephone number of each individual likely to have discoverable information ó along with the subjects of that information ó that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

        Frank Petronzio
        Anchor Sales & Marketing, Inc.
        755 Macopin Rd.
        West Milford, NJ 07480

Mr. Petronzio is knowledgeable as to the manufacture and distribution of the alleged infringing products of the Defendant.

Plaintiff reserves the right to call at trial any witness identified by the Defendant in initial or subsequent disclosures or in discovery, and any additional witnesses as their identities become known or as issues and facts which arise during the discovery process.

1

**II.**     **Rule 26(a)(1)(ii)**: a copy - or a description by category and location - of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

Records, reports, documents, images, correspondence and materials relating to Defendant's sale, distribution and promotion of the infringing products, all of which are in the possession of either party or its counsel.

Plaintiff reserves the right to rely on any documents disclosed by the Defendant during discovery.

**III.**     **Rule 26(a)(1)(iii)**: a computation of any category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered;

Plaintiff will seek recovery of damages and attorney's fees on the basis of information which is developed as a result of discovery. Plaintiff cannot estimate these amounts at this time and reserves the right to supplement this disclosure and amend this information accordingly.

**IV.**     **Rule 26(a)(1)(iv)**: for inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

Plaintiff does not believe that there is any available insurance coverage, however reserves the right to supplement this disclosure and amend this information accordingly.

|  |  |
|---|---|
|  | LAW OFFICES OF JAMES W. BADIE |
| Dated: September 8, 2015 | */s/ James W. Badie*_____ |
|  | James W. Badie #6961 |
|  | Attorney for Plaintiff |
|  | 520 White Plains Road, Suite 500 |
|  | Tarrytown, New York 10591 |
|  | Telephone: (914) 467-7882 |
|  | Facsimile: (914) 206-3987 |
|  | Email: badielaw@att.net |

TO:   L. Donald Prutzman, Esq.
      Gerard F Diebner, Esq.
      Tannenbaum, Helpern, Syracuse & Hirschtritt, LLP
      900 Third Avenue
      New York, New York  10022-4775
      Telephone: (212) 508-6700