UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
ANCHOR SALES & MARKETING, INC.,

                *Plaintiff*,

      - against -　　　　　　　　　　　15-cv-4442 (RA)

RICHLOOM FABRICS GROUP, INC.,

                *Defendant.*

------------------------------------------------------------ x


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

                      TANNENBAUM HELPERN
                        SYRACUSE & HIRSCHTRITT, LLP
                      900 Third Avenue
                      New York, New York 10022
                      (212) 508-6700
                        *Attorneys for Defendant*

Of Counsel:
  L. Donald Prutzman
  Gerard F. Diebner

September 18, 2015

# TABLE OF CONTENTS

Page

**PRELIMINARY STATEMENT** ................................................................................................1

**STATEMENT OF RELEVANT FACTS**..................................................................................2

**ARGUMENT** ...............................................................................................................................4

    I.    Dismissal Of This Case Is Appropriate......................................................................4

    II.    Because The "Solid Bead" Element Of All The Asserted Claims Of The '633 Patent Is Completely Missing From The Accused Curtains, The Accused Curtains Cannot Infringe Any Of The '633 Patent Claims Under The All Elements Rule...............................................................................6

    III.   Anchor Is Also Estopped From Arguing Infringement Under The Doctrine Of Prosecution History Estoppel.................................................................9

**CONCLUSION** .........................................................................................................................11

# **TABLE OF AUTHORITIES**

Cases

Page(s)

*Allen v. WestPoint-Pepperell, Inc.*,
   945 F.2d 40 (2d Cir. 1991) ................................................................................................. 5

*Becton Dickenson & Co. v. C. R. Bard, Inc.*,
   922 F.2d 792 (Fed. Cir. 1990) ............................................................................................. 6

*Canton Bio Medical, Inc. v. Integrated Liner Technologies, Inc.*,
   216 F.3d 1367 (Fed. Cir. 2000) ......................................................................................... 10

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ............................................................................................... 5

*Dolly, Inc. v. Spalding & Evenflo Companies, Inc.*,
   16 F.3d 394 (Fed. Cir. 1994) .............................................................................................. 8

*Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*,
   535 U.S. 722, 734 (2002) .................................................................................................... 9

*I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*,
   936 F.2d 759 (2d Cir. 1991) ............................................................................................... 5

*Kaplan, Inc. v. Yun*,
   16 F. Supp. 3d 341 (S.D.N.Y. 2014) .................................................................................. 5

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1277 (Fed. Cir. 2013) .......................................................................................... 4

*Minerals Separation, Inc. v. Butte & Superior Mining Co.*,
   250 U.S. 336 (1919) ............................................................................................................ 6

*PSN Illinois, LLC v. Ivoclar Vivadent, Inc.*,
   525 F.3d 1159 (Fed. Cir. 2008) .......................................................................................... 6

*Sage Prods., Inc. v. v. Devon Indus., Inc.*,
   126 F.3d 1420 (Fed. Cir. 1997) .......................................................................................... 8

*Sahu v. Union Carbide Corp.*,
   548 F.3d 59 (2d. Cir. 2008) ................................................................................................ 5

## **TABLE OF AUTHORITIES cont.**

<u>Cases</u>                                                                                                                              <u>Page(s)</u>

*Southwall Technologies, Inc. v. Cardinal IG Co.*,
    54 F.3d 1570 (Fed. Cir. 1995) ................................................................................... 6

*Telebrands Corp. v. Del Labs., Inc.*,
    719 S. Supp. 2d 283 (S.D.N.Y. 2010) ........................................................................ 5

*TIP Systems, LLC v. Phillips & Brooks/Gladwin, Inc.*,
    529 F.3d 1364 (Fed. Cir. 2008) ................................................................................... 6

*Tronzo v. Biomet, Inc.*,
    156 F.3d 1154 (Fed. Cir. 1998) ................................................................................... 8

*Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.*,
    103 F.3d 1571 (Fed. Cir. 1997) ................................................................................... 6

*Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*,
    520 U.S. 20 (1996) ....................................................................................................... 7

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                    :
ANCHOR SALES & MARKETING, INC.,                     :
                                                    :
                        Plaintiff,                  :
                                                    :
            - against -                             :    15-cv-4442 (RA)
                                                    :
RICHLOOM FABRICS GROUP, INC.,                       :
                                                    :
                        Defendant.                  :
                                                    :
------------------------------------------------------------------- x
```

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

### Preliminary Statement

Defendant Richloom Fabrics Group, Inc. ("Richloom") moves to dismiss the Amended Complaint (D.I.21) of Plaintiff Anchor Sales & Marketing, Inc. ("Anchor") pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative for summary judgment pursuant to Fed. R. Civ. P. 56.[1] It has been plain from the outset that this case is utterly frivolous and abusive. The Amended Complaint, and Anchor's Claim Construction Statement pursuant to Local Patent Rule 6 (D.I. 23) make the frivolous nature of the claim even plainer. It is unfair to Richloom to allow this case to continue beyond the pleading

---

[1] Richloom initially moved to dismiss the original complaint (D.I.13). In response, Anchor chose to file an amended complaint under the provisions of § 4.C. of this Court's Individual Rules and Practices in Civil Cases. Richloom now renews its motion to dismiss because the Amended Complaint is also deficient.

stage when, as demonstrated below, the facts alleged in the Amended Complaint and shown in the Exhibits attached to it show that no claim for patent infringement can be established.

The Amended Complaint fails to allege facts stating a claim for which relief for patent infringement may be granted. Each of the claims of the asserted patent requires the use of a "solid bead" to form a scalloped configuration in curtains. In addition, in order to distinguish the invention over the prior art, the patent applicant argued to the Patent Examiner that the prior art did not describe the use of beads. Indeed, the patent applicant argued that the use of the beads was the "essence" of the invention. The Patent Examiner found this argument to be persuasive and allowed the claims, specifically stating that the prior art did not disclose the use of beads to form a scalloped configuration in curtains.

It is clear from the Amended Complaint and its Exhibits, however, that Richloom's accused curtains do not use solid beads, and in fact do not use beads of any type, to form a scalloped configuration in the curtains. Rather, in the accused Richloom scalloped curtains, the scalloped configuration is formed by tying two ties in a bow. Therefore, under the "all elements rule" as well as prosecution history estoppel, Richloom's accused curtains cannot infringe any claim of the asserted patent.

## STATEMENT OF RELEVANT FACTS

Anchor accuses Richloom of infringing U.S. Patent No. 7,213,633 (the "'633 Patent") (Amended Complaint (D.I.21), Ex A, copy at Diebner Dec,[2] Ex A). The '633 Patent contains eight claims. Claims 1 and 5 are independent claims and claim "[a] method of forming scalloped

---

[2] Declaration of Gerard F. Diebner, dated September 17, 2015, submitted in support of this motion. A similar Declaration of Gerard F. Diebner was submitted in support of Richloom's prior motion to dismiss the original complaint (D.I.14).

2

configuration in a double-layer curtain" (claim 1) or in a "single layer curtain" (claim 5). (Diebner Dec, Ext A, col. 4.) Critically, each claim requires the use of a "solid bead" to form the scalloped configuration. *See* claim 1(c) and 5(c).

Claims 2-4 of the '633 Patent ultimately depend from claim 1 and claims 6-8 ultimately depend from claim 5. As such, these dependent claims include all of the limitations of their parent claims, including the use of solid beads to form the scalloped configuration.

The prosecution history of the '633 Patent is dispositive as to the scope its claims. The application as originally filed (Diebner Dec, Ext B) contained, like the issued patent, eight claims. Claims 1 and 5 were the only independent claims and each required the use of a "solid bead." (Diebner Dec, Ex B, at pp 9 (claim 1(c)) and 10 (claim 5(c))).

In an Office Action of the Patent & Trademark Office (Diebner Dec, Ext C), all eight claims were rejected as obvious over the prior art. *See* page 2. In an Amendment submitted to the Patent & Trademark Office (Diebner Dec, Ex D), the patent applicant argued that the claimed invention was not obvious over the prior art because the prior art did not disclose sliding beads through ties to form scalloped curtains. Indeed, at page 7 of the Amendment, the patent applicant argued that this "is the essence of this invention for forming the desired configuration in the curtain."

The argument was persuasive to the Examiner and the Patent Office issued a Notice of Allowance. (Diebner Dec, Ex E) At page 2 of the Notice of Allowance the Examiner stated his reasons for allowing the application: "The following is an examiner's statement of reasons for allowance: the prior art of record does not disclose a method as recited wherein two ties are passed through a bead to position a curtain at desired heights."

3

Based on the clear claim language, the arguments the patent applicant made in the Amendment (Diebner Dec, Ex D) and the Examiner's reasons for allowance (Diebner Dec, Ex E), the claims of the '633 Patent all require the use of beads slid along ties to adjust the scalloped configuration of the curtains. The Exhibits to the Amended Complaint show, however, that Richloom's accused curtains, do not use a bead or bead equivalent slid along ties to achieve a scalloped configuration. Rather, as shown in Exhibits B (Richloom's "Risa Window Curtain Tier Pair and Valence"), D (Richloom's "Bijoux Soiree Rod-Pocket Tie-Up Valence") and F (Richloom's "Rod Pocket Tie-Up Valence") to the Amended Complaint (D.I.21), all of the accused Richloom curtains form their scalloped configuration by tying a pair of ties in a bow. This is also consistent with Anchor's Infringement Contentions (D.I.23) where Anchor argues that Richloom's scalloped configuration is formed by using an "equivalent" of the claimed beads. Not even Anchor disputes that the bead element of the claims is literally missing from the accused Richloom curtains. There is, however, no "equivalent" of the bead element either. Therefore, the accused Richloom curtains cannot infringe any claim of the '633 Patent.

## ARGUMENT

### I.

### DISMISSAL OF THIS CASE IS APPROPRIATE.

Since a motion to dismiss is a procedural motion, the law of the Second Circuit, not the Federal Circuit, is applied. *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013).

Under Second Circuit law, in a ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a Court may consider not only the facts stated on the face of the complaint, but also (a) documents appended to the complaint (such as the asserted patent and advertisements showing

4

the accused Richloom curtains), (b) documents which are incorporated in the complaint by reference, (c) matters of which judicial notice may be taken (which includes official records of the United States Patent & Trademark Office, such as the prosecution history documents cited herein, *Kaplan, Inc. v. Yun,* 16 F. Supp. 3d 341, 346 (S.D.N.Y. 2014); *Telebrands Corp. v. Del Labs., Inc.*, 719 S. Supp. 2d 283, 287 n.3 (S.D.N.Y. 2010)), and documents integral to the pleading, of which the pleader was aware and relied upon, even if the pleader chose not to attach them or refer to them in the complaint (for example, the prosecution history documents referred to herein). *Chambers v. Time Warner, Inc.*, 282 F.3d 147 (2d Cir. 2002); *Allen v. WestPoint-Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir. 1991); *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759 (2d Cir. 1991).

The asserted patent and advertisements showing the accused Richloom curtains are all attached to the Amended Complaint (D.I.21) at Exhibits A, B, D and F.  Therefore, these documents can be properly considered on a motion to dismiss. Likewise, the prosecution history for the asserted patent can also be considered for the reasons set forth above.

Nevertheless, even if this motion is converted into a summary judgment motion pursuant to Fed. R. Civ. P. 12(d) and 56, the Court's ruling on this motion at this time is proper. Anchor is clearly on notice that this Motion may be decided as a summary judgment motion since that is the alternative relief requested in this Motion. There are no new "facts outside the pleadings" which Anchor would need to address and no prejudice to Anchor, unlike the situation in *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67-68 (2d. Cir. 2008), where new facts outside the pleadings were relied upon by the moving party and the responding party was not given an opportunity to address and challenge those new facts.

For the above reasons, a ruling on Richloom's Motion to Dismiss at this time, be it under Fed. R. Civ. P. 12(b)(6) or 56, is proper.

## II.

### BECAUSE THE "SOLID BEAD" ELEMENT OF ALL THE ASSERTED CLAIMS OF THE '633 PATENT IS COMPLETELY MISSING FROM THE ACCUSED CURTAINS, THE ACCUSED CURTAINS CANNOT INFRINGE ANY OF THE '633 PATENT CLAIMS UNDER THE ALL ELEMENTS RULE.

In order to infringe a patent claim, an accused product or method must contain every element of the patent claim or its substantial equivalent. *TIP Systems, LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1376-77 (Fed. Cir. 2008). This is sometimes referred to as the "all elements rule" and is applicable to direct infringement as well as infringement under the doctrine of equivalents. *PSN Illinois, LLC v. Ivoclar Vivadent, Inc.*, 525 F.3d 1159, 1167 (Fed. Cir. 2008).

Literal infringement occurs when every element of a claim is exactly found in the accused device or method. *Southwall Technologies, Inc. v. Cardinal IG Co.*, 54 F.3d 1570, 1575 (Fed. Cir. 1995); *Becton Dickenson & Co. v. C. R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990). Under the doctrine of equivalents, infringement can still be found for a product or method which falls outside the literal scope of a patent claim if the difference between the product or method and patent claim is insubstantial. *Wang Laboratories, Inc. v. Mitsubishi Electronics America, Inc.*, 103 F.3d 1571, 1577 (Fed. Cir. 1997).

There is, however, a conflict between the definitional and public-notice functions of statutory claim drafting requirements, that is "courts do not have the right to enlarge a patent beyond the scope of its claims as allowed by the Patent Office", *Minerals Separation, Inc. v. Butte & Superior Mining Co.*, 250 U.S. 336, 347 (1919), and the doctrine of equivalents, which

does expand the scope of claim coverage. This conflict was squarely addressed in *Warner-Jenkinson Co., Inc. v. Hilton Davis Chem. Co.*, 520 U.S. 20 (1996).

*Warner-Jenkinson* expressed its concern that "the doctrine of equivalents, as it has come to be applied since *Graver Tank*, has taken on a life of its own, unbound by the patent claims." *Id.* at 28-29. To resolve this concern, the Supreme Court held:

> Each element contained in a patent claim is deemed material to defining the scope of the patented invention, and thus the doctrine of equivalents must be applied to individual elements of the claim, not to the invention as a whole. **It is important to ensure that the application of the doctrine, even as to an individual element, is not allowed such broad play as to effectively eliminate that element in its entirety.**

*Id.* at 29 (emphasis added).

The Supreme Court's concern and its resolution of that concern demonstrate the fatal flaw in Anchor's infringement allegation. All of the claims of the '633 Patent require the use of a "solid bead" to form the scalloped configuration in the curtains. Yet Richloom's accused curtains do not use solid beads, beads of any sort or bead equivalents. Not even Anchor disputes this fact. Rather, in the accused Richloom curtains, ties are tied in a bow to form the scalloped configuration. The solid bead element or any equivalent of it is completely missing from the Richloom curtains. Thus, to allege infringement, Anchor must "[allow] such broad play [in the '633 Patent claims] as to effectively eliminate [the solid bead] element in its entirety." This Anchor cannot do.

A number of Federal Circuit cases, which also refer to this doctrine as the "all elements rule," further illustrate this point. For example, in *TIP Systems, Inc., supra*, the claimed invention related to a telephone including a handset with a handle containing an earpiece at one end and a mouthpiece at the other end. While the accused devices contained an earpiece and a mouthpiece, they did not contain a handle. TIP contended that the accused devices infringed

7

under the doctrine of equivalents but the Federal Circuit rejected that contention. The handle was a claim element and the doctrine of equivalents "does not condone ignoring a claim limitation" because "[s]uch a holding would be contrary to the 'all elements rule'." 529 F.3d at 1377.

In *Dolly, Inc. v. Spalding & Evenflo Companies, Inc.*, 16 F.3d 394 (Fed. Cir. 1994), the invention related to a portable child's chair. One claim element required a separate stable rigid frame. The accused child's chairs did not contain a separate stable rigid frame, but rather used a frame assembled from the back, seat and side parcels of the chair. Finding that the accused child's chairs completely eliminated the separate stable rigid frame element of the claims, the Federal Circuit reversed a finding of infringement under the doctrine of equivalents. "The doctrine of equivalents is not a license to ignore claim elements." *Id.* at 398.

In *Sage Prods., Inc. v. v. Devon Indus., Inc.*, 126 F.3d 1420 (Fed. Cir. 1997), the patent at issue related to a disposable container that allows a user to deposit hazardous materials, such as used syringes, without touching waste already in the container. The claims required that the container have an elongated slot at the top of the container and a first constriction extending over the slot. The accused container did not have a slot at the top of the container, but rather a slot within the container body, and did not have a first constriction over the slot. Rather, the accused container had a first constriction under the slot. The Federal Circuit rejected Sage's argument that the accused container infringed under the doctrine of equivalents because "the doctrine of equivalents does not grant Sage license to remove entirely the 'top of the container' and 'over the slot' limitations from the claim." *Id.* at 1424.

Finally, in *Tronzo v. Biomet, Inc.*, 156 F.3d 1154 (Fed. Cir. 1998), the patent at issue related to artificial hip sockets which included cup implants adopted for insertion into the hip

8

bone. The claims at issue required a generally conical surface, and the accused hip sockets used a hemispherical cup. The Federal Circuit rejected Tronzo's argument that the hemispherical cup of the accused device was the equivalent of the claimed generally conical surface on the ground that "[s]uch a result is impermissible under the all elements rule of *Warner-Jenkinson* because it would write the 'generally conical outer surface' limitation out of the claims." *Id.* at 1160.

The above cases are dispositive. All of the claims of the '633 Patent require the use of a "solid bead." None of Richloom's accused curtains, however, use a solid bead, a bead of any type or an equivalent of a bead. Rather, the "solid bead" element required by all of the claims is completely absent from Richloom's accused curtains either literally or via an arguable equivalent. Therefore, Richloom's accused curtains cannot infringe any claims of the '633 Patent under the all elements rule.

### III.

### ANCHOR IS ALSO ESTOPPED FROM ARGUING INFRINGEMENT UNDER THE DOCTRINE OF PROSECUTION HISTORY ESTOPPEL

Prosecution history estoppel acts "as a legal limitation on the doctrine of equivalents." *Warner-Jenkinson, supra,* 520 U.S. at 1049. This estoppel bars a patentee from later invoking the doctrine of equivalents to recapture claim coverage surrendered during patent prosecution. *Festo Corp. v. Shoketsu Kinzoku Kogyo Kabushiki Co.*, 535 U.S. 722, 734 (2002). *Wang Laboratories, supra,* 103 F.3d at 1577-78, defines prosecution history estoppel as follows:

> Prosecution history estoppel acts as one check on application of the doctrine of equivalents, by precluding a patentee from regaining, through litigation, coverage of subject matter relinquished during prosecution of the application for patent. Whether estoppel applies is a question of law. We examine the statements and actions of the patentee before the PTO during prosecution, and ask what a competitor reasonably may conclude the patentee surrendered to gain issuance of the patent. Arguments and amendments made to secure allowance of a claim, especially those distinguishing prior art, presumably give rise to prosecution history estoppel. Once prosecution history

estoppel limits the scope of a patent, the patentee may not recover for infringement where infringement would require an equivalence between a claim element and an aspect of the accused item that falls within the estoppel. (*Citations omitted*).

Here, it is beyond question that prosecution history estoppel bars Anchor from arguing that scalloped curtains which do not use beads to form the scalloped configuration infringe the '633 Patent claims. The claims as originally filed all required the use of beads to form the scalloped configuration of the curtains. All claims were rejected over prior art showing scalloped curtains. To overcome this rejection over the prior art, the patent applicant argued that the prior art did not disclose the use of beads. Indeed, the patent applicant argued the use of beads was the "essence" of the invention. In allowing the application to issue as a patent, the Patent Examiner specifically stated he was doing so because the prior art did not disclose the use of beads. On these facts, Anchor cannot argue that scalloped curtains which do not use beads to form the scalloped configuration infringe any claims of the '633 Patent.

Anchor might try to avoid the consequences of its patent's prosecution history by arguing that since no claims were amended, prosecution history estoppel does not apply. Such an argument, however, would be to no avail. For example, in *Canton Bio Medical, Inc. v. Integrated Liner Technologies, Inc.*, 216 F.3d 1367 (Fed. Cir. 2000), the claimed invention related to a method of chemically bonding elastomeric materials to chemically inert polyolefins. The claims were rejected as obvious over a combination of references. Canton did not amend any claims but instead argued that its pending, unamended claims were patentable over the prior art because the claims required the use of a particular primer solution comprising three specific components. Canton argued that the prior art did not teach this combination. The Patent Examiner agreed and allowed the patent to issue. In the ensuing litigation, the accused method used a primer solution comprising only a single component. Canton argued infringement under

10

the doctrine of equivalents and contended the doctrine of prosecution history estoppel did not apply because the claims were not amended. The Federal Circuit rejected this argument holding that "amendment is not essential when argument is made, and relied on, to distinguish the claimed subject matter from the prior art." *Id.* at 1371. *See also, Wang Laboratories, supra,* 103 F.3d at 1578 (arguments made to distinguish over prior art gives rise to estoppel).

The rationale of *Canton* is directly applicable here. All of the pending claims were rejected over the prior art. While the claims were not amended, the patent applicant argued that the prior art did not teach the use of beads, which the pending claims required and the patent applicant argued was the "essence" of the invention. The Patent Examiner relied on this argument and specifically allowed the claims because the prior art did not disclose the use of beads. On this prosecution history, Anchor cannot now argue that scalloped curtains which do not use beads to form the scalloped configuration infringe any claim of the '633 patent.

## CONCLUSION

From the face of the Amended Complaint and the Exhibits appended to it, it is clear that all of the asserted claims of the '633 Patent require the use of a "solid bead". Richloom's accused curtains do not use a solid bead, a bead of any type or an equivalent thereof. Therefore, Richloom's accused curtains cannot infringe any claims of the '633 Patent under the all elements rule. In addition, the doctrine of prosecution history estoppel prevents Anchor from arguing that a scalloped curtain which does not use a bead to form the scalloped configuration infringes the '633 Patent. For these reasons, the Amended Complaint should be dismissed with prejudice, but without prejudice to an application for attorneys' fees and costs pursuant to 35 U.S.C. § 285 or other applicable provisions of law.

Dated: New York, New York
      September 18, 2015

                                        Respectfully submitted,

                                        TANNENBAUM HELPERN SYRACUSE
                                              &amp; HIRSCHTRITT LLP.

                                      By:    s/L. Donald Prutzman
                                               L. Donald Prutzman
                                               Gerard F. Diebner
                                               900 Third Avenue
                                               New York, New York 10022
                                               (212) 508-6700