UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
                                                                   :
ANCHOR SALES & MARKETING, INC.,                                    :       15-cv-4442(RA)
                                                                   :
                                   *Plaintiff*,                                      :
                                                                   :
                           - against -                                    :       ORAL ARGUMENT
                                                                   :       REQUESTED
RICHLOOM FABRICS GROUP, INC.,                                      :
                                                                   :
                                   *Defendant.*                                     :
                                                                   :
------------------------------------------------------------------ x

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)(6) OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

                                          TANNENBAUM HELPERN
                                            SYRACUSE & HIRSCHTRITT, LLP
                                          900 Third Avenue
                                          New York, New York 10022
                                          (212) 508-6700
                                            *Attorneys for Defendant*

Of Counsel:
  L. Donald Prutzman
  Gerard F. Diebner


October 9, 2015

## **TABLE OF CONTENTS**

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................1

    I.    Dismissal Of This Case Is Appropriate ...................................................................1

    II.    The Doctrine Of Equivalents Does Not Save This Action From Dismissal.  In Fact, The Doctrine Proves That There Is No Infringement ...............3

    III.    Prosecution History Estoppel Bars Anchor From Arguing Equivalency, And This Doctrine Alone Mandates Dismissal Of This Action .............................5

    IV.    There Are No Triable Issues Of Fact Which Would Prevent The Granting Of Richloom's Motion ...............................................................................8

    V.    The Petronzi Declaration Is Not Relevant ................................................................9

CONCLUSION ....................................................................................................................10

## **TABLE OF AUTHORITIES**

Cases                                                                                                                                Page(s)

*ACCO Brands, Inc. v. Micro Sec. Devices, Inc.*,
  346 F.3d 1075, 1079 (Fed. Cir. 2003)..................................................................................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2007)............................................................................................................2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................2

*Canton Bio Medical, Inc. v. Integrated Linear Technologies, Inc.*,
  216 F.3d 1367 (Fed. Cir. 2000)...........................................................................................5

*Elkay Mfg. Co, v. EBCO Mfg. Co.*,
  192 F.3d 973 (Fed. Cir. 1999).............................................................................................6

*EMD Millipore Corp. v. AllPure Technologies, Inc.*,
  768 F.3d 1196 (Fed. Cir. 2014)...........................................................................................7

*Sage Products, Inc. v. Devon Indus., Inc.*,
  126 F.3d 1420 (Fed. Cir. 1997)......................................................................................4, 8

*Salazar v. Proctor & Gamble Co.*,
  414 F.3d 1342 (Fed. Cir. 2005)......................................................................................6, 7

*TIP Systems, LLC v. Phillips & Brooks/Gladwin, Inc.*,
  529 F.3d 1364 (Fed. Cir. 2008)...........................................................................................4

*Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*,
  520 U.S. 20 (1996)..........................................................................................................3, 5

## INTRODUCTION

Plaintiff Anchor Sales & Marketing, Inc.'s ("Anchor") Opposition (D.I. 30) to Defendant Richloom Fabrics Group. Inc.'s ("Richloom") Memorandum to Dismiss or for Summary Judgment (D.I. 26) is based on a number of fatal flaws.  First, the Opposition (D.I. 26) tries to avoid, and indeed barely mentions, the all elements rule, which is the rule one must use to determine infringement.  Second, as predicted at pages 10-11 of Richloom's Memorandum (D.I. 26), Anchor tries to avoid the consequences of prosecution history estoppel by arguing that since it did not amend any claims or surrender any subject matter, prosecution history estoppel does not apply, while ignoring dispositive case law cited in Richloom's Memorandum (D.I. 26) establishing the exact opposite.  Third, Anchor seeks to raise a question of fact where there is simply no fact at issue to raise.

Both parties agree that all of the asserted patent claims require the use of a solid bead to form a scalloped configuration in curtains and both parties agree that Richloom's accused curtains do not contain a bead of any type.  Therefore, Richloom's accused curtains cannot infringe any claim of the asserted '633 Patent and this action should be dismissed.

## ARGUMENT

### I.

### DISMISSAL OF THIS CASE IS APPROPRIATE.

Anchor's arguments at pages 3-4 of its Opposition (D.I. 30) that dismissal of this action is unwarranted are confusing and wrong.  For example, Anchor first contends that Richloom has offered "no credible ground or basis" in support of its motion.

Quite to the contrary, Richloom has irrefutably established that its accused curtains cannot infringe any claim of the asserted '633 Patent.  All of the claims of the '633 Patent require

the use of a "solid bead" to maintain a scalloped configuration in curtains. Not even Anchor disputes that the accused Richloom curtains do not use beads. *See, e.g.,* Opposition at page 5, last sentence (conceding that the accused Richloom curtains do not use beads but rather use fabric ties). Therefore, under the "all elements rule," Richloom's accused curtains cannot infringe any claim of the '633 Patent. Moreover, in order to have the '633 Patent issue over the prior art, Anchor argued to the Patent Examiner that the prior art did not disclose the use of beads to form a scalloped configuration, which Anchor contended was the "essence" of the invention. The Patent Examiner relied on this argument to allow the claims, specifically stating the claims were patentable over the prior art because the prior art did not disclose the use of beads. Thus, under the doctrine of prosecution history estoppel, Anchor is estopped from arguing that scalloped curtains which do not use beads to form the scalloped configuration (such as Richloom's accused curtains) infringe any claims of the '633 Patent.

On this compelling showing, it defies belief for Anchor to contend that Richloom offered "no credible ground or basis" to dismiss this action and underscores Richloom's characterization of the action as transparently frivolous.

The remainder of Anchor's arguments at pages 3-4 of its Opposition (D.I. 30) concerning dismissal read as if Anchor is opposing a motion to dismiss based solely on *Twombly*[1] and *Iqbal*[2]. No such motion, however, is pending. Rather, taking Anchor's assertions as true, and relying on the documents Richloom is entitled to rely upon for the reasons set forth at pages 4-5 of its Memorandum (D.I. 26), it is Richloom's contention that there is no argument Anchor can proffer to show infringement. Therefore, pursuant to Fed. R. Civ. P. 12(b)(6), this action should

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2007).

be dismissed. In the alternative, should this Court convert this Motion into a motion for summary judgment pursuant to Fed. R. Civ. P. 56, Richloom contends that this action should still be dismissed for the reasons set forth at pages 5 and 6 of Richloom's Memorandum (D.I. 26).

## II.

### THE DOCTRINE OF EQUIVALENTS DOES NOT SAVE THIS ACTION FROM DISMISSAL. IN FACT, THE DOCTRINE PROVES THAT THERE IS NO INFRINGEMENT.

At page 4 of its Opposition (D.I. 30), Anchor makes the damning concession that in order to infringe, the accused product or method must contain every element of a patent claim or its substantial equivalent. This is also known as the "all elements rule". Given that the "solid bead" element of the '633 Patent claims is entirely missing from Richloom's accused curtains, it is no surprise that Anchor studiously avoids discussing the all elements rule in its Opposition.

Next at page 4, Anchor makes the curious argument that the claims of the '633 Patent are method claims. The all elements rule, however, applies to method claims as well as product claims. Indeed, the claims at issue in *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 20 (1996), were method claims.[3]

Although the reason for the method claim argument at page 4 of the Opposition (D.I. 30) is not clear, it appears Anchor might be arguing that product claims and method claims are analyzed differently, that is the all elements rule for product claims and insubstantial differences test for method claims. That argument, however, is wrong as a matter of law. Indeed, this argument was put to rest in *Warner-Jenkinson*, 520 U.S. at 39-40:

> All that remains is to address the debate regarding the linguistic framework under which "equivalence" is determined. Both the parties and the Federal Circuit

---

[3] The *Warner-Jenkinson* Court actually referred to the claims at issue as process claims, but method claims and process claims are the same. 35 U.S.C. § 100(b).

> spend considerable time arguing whether the so-called "triple identity" test-focusing on the *function* served by a particular claim element, the *way* that element serves that function, and the *result* thus obtained by that element-is a suitable method for determining equivalence, or whether the "insubstantial differences" approach is better. …
>
> In our view, the particular linguistic framework used is less important than whether the test is probative of the essential inquiry: Does the accused product or process contain elements identical to or equivalent to each claimed element of the patented invention? ... A focus on individual elements and a special viligance [sp] against allowing the concept of equivalence to eliminate completely any such elements should reduce considerably the imprecision of whatever language is used.

The all elements rule is applied whether the claim is a product claim or a method claim, and does not change because of the "linguistic framework" chosen.  Here, it is not disputed that the solid bead element required by all of the claims of the '633 Patent claims is completely absent from Richloom's accused curtains—either literally or by an arguable equivalent.  Therefore, there can be no infringement.

At page 5 of its Opposition (D.I. 30), Anchor concedes that Richloom's accused curtains do not use beads to form the scalloped configuration of the curtains.  At page 6 of its Opposition (D.I. 30), however, Anchor cites to generic language in the '633 Patent specification in an attempt to argue a broad equivalency for the required bead element of the patent claims.  This argument, however, is without merit.  It is the claims, not the specification, which defines the metes and bounds of patent protection.  If Anchor wanted broader claim coverage, it should have sought it.  As the Federal circuit held in *Sage Products, Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1425 (Fed. Cir. 1997), "as between the patentee who had a clear opportunity to negotiate broader claims but did not do so, and the public at large, it is the patentee who must bear the cost of its failure to seek protection for this foreseeable alteration of its claim structure."  *See also, TIP Systems, LLC v. Phillips & Brooks/Gladwin, Inc.*, 529 F.3d 1364, 1380 (Fed. Cir. 2008).  The

fact that Richloom's alterations were foreseeable is more than amply demonstrated by the generic language from the '633 Patent specification Anchor quotes at page 6 of its Opposition (D.I. 30).

The remainder of Anchor's Opposition (D.I.30) through page 9 is an attempt to avoid and obfuscate the all elements rule. As the cases discussed at pages 6-9 of Richloom's Memorandum (D.I. 26) make clear, the elimination of even a single claim element avoids infringement under the doctrine of equivalents. As Richloom noted at page 7 of its Memorandum (D.I. 26), paraphrasing *Warner-Jenkinson,* 520 U.S. at 29, in order to allege infringement, Anchor must "[allow] such broad play [in the '633 Patent claims] as to effectively eliminate [the solid bead] element in its entirety." This Anchor cannot do.

### III.

### PROSECUTION HISTORY ESTOPPEL BARS ANCHOR FROM ARGUING EQUIVALENCY, AND THIS DOCTRINE ALONE MANDATES DISMISSAL OF THIS ACTION

At page 10 of its Opposition (D.I. 30), Anchor argues that since it did not amend any claims or "clearly and unmistakenly surrender subject matter by arguments made to the examiner", there is no prosecution history estoppel.

This argument was anticipated and rebutted at pages 10-11 of Richloom's Memorandum (D.I. 30). In *Canton Bio Medical, Inc. v. Integrated Linear Technologies, Inc.*, 216 F.3d 1367, 1371 (Fed. Cir. 2000), the Federal Circuit squarely held that amending claims is not required for the doctrine of prosecution history estoppel to apply. "[A]mendment is not essential when argument is made, and relied on, to distinguish the claimed subject matter from the prior art."

In the present case, as discussed in detail at pages 3-4 of Richloom's Memorandum (D.I. 26) and the supporting Diebner Declaration (D.I. 27), Anchor's claims were rejected over the prior art. To overcome this rejection, Anchor argued that all the claims require sliding beads

5

through ties to form scalloped curtains, and this element was not taught by the prior art. Indeed, Anchor argued this was the "essence" of the invention. The Patent Examiner unquestionably relied on this argument since in his statement of reasons for allowance, the Patent Examiner stated the prior art "does not disclose a method as recited wherein two ties are passed through a bead to position a curtain at desired heights."

On these facts, Anchor is clearly estopped from arguing that curtains which do not use beads slid through ties to form a scalloped configuration still infringe. *Salazar v. Proctor & Gamble Co.*, 414 F.3d 1342 (Fed. Cir. 2005), relied upon by Anchor, is to no avail. There, with respect to an invention relating to tooth brushes, the Examiner in his reasons for allowance cited an "elastic" element in the claims. No rejections were made, no claims were amended, and no arguments were made based on this elastic element. On these facts, the Federal Circuit held that the patent applicant did not "clearly and unmistakably" surrender subject matter by arguments made to the Examiner. *Id.* at 1344-45.

Those are certainly not the facts here. In the present case, Anchor clearly and unmistakably argued that the bead element recited in the claims was not found in the prior art. Anchor actually described this element as the "essence" of the invention. The Patent Examiner clearly and unmistakably relied on this argument since in his reasons for allowance he stated the claims were patentable over the prior art because that art did not teach the bead element of the claims. On these facts, Anchor has clearly and unmistakably surrendered claim coverage for scalloped curtains which do not slide beads through ties to form a scalloped configuration. *See also, Elkay Mfg. Co, v. EBCO Mfg. Co.*, 192 F.3d 973, 978 (Fed. Cir. 1999) (cited by *Salazar* at 414 F.3d 1346) (arguing rejection over prior art with Examiner relying on those arguments to allow claims invoked estoppel); *ACCO Brands, Inc. v. Micro Sec. Devices, Inc.*, 346 F.3d 1075,

6

1079 (Fed. Cir. 2003) (cited by *Salazar* at 414 F.3d 1347) (Examiner's reasons for allowance, which merely repeated arguments made by applicant, invoked estoppel).

The consequences of its prosecution history estoppel are fatal to Anchor. *EMD Millipore Corp. v. AllPure Technologies, Inc.*, 768 F.3d 1196 (Fed. Cir. 2014) is on point. There, the invention related to a device for drawing fluid out of a container without contaminating the fluid. The district court granted summary judgment of no infringement, either literally or under the doctrine of equivalents, because the accused device lacked a claim element (a removable, replaceable transfer member) or an equivalent of it.

On appeal, a question arose as to whether it was even necessary for the district court to perform a doctrine of equivalence analysis because of prosecution history estoppel. Prosecution history estoppel is a question of law. *Id.* at 1201. During prosecution, EMD amended claims to distinguish over prior art. Because of those amendments, the Federal Circuit held that it was not necessary for the district court to engage in an equivalency analysis because prosecution history estoppel barred EMD's equivalence argument in the first instance. *Id.* at 1203-04.

In *EMD*, the Federal Circuit noted the presumption that prosecution history estoppel applies and the burden rests on the patentee to rebut this presumption by arguing that one of three of the exceptions set forth at page 1203 of the opinion applies to the presumed estoppel. EMD did not come forward with evidence rebutting the presumption. Here, Anchor has not come forward with evidence to rebut the presumption that prosecution history estoppel bars its equivalency argument, other than to argue that there is no estoppel. That should not be surprising because there is no evidence Anchor could proffer. The waiver is clear. To distinguish over the prior art, Anchor argued the prior art did not disclose the claimed bead element. Anchor further

7

argued this element was the "essence" of the invention. The Patent Examiner allowed the claims because the prior art did not teach the claimed bead element.

Richloom's accused curtains do not use the claimed bead element, and in fact do not use a bead of any type. Therefore, the accused Richloom curtains cannot infringe any claims of the '633 Patent as a matter of law because of prosecution history estoppel.

## IV

**THERE ARE NO TRIABLE ISSUES OF FACT WHICH WOULD PREVENT THE GRANTING OF RICHLOOM'S MOTION**

At page 10 of its Opposition (D.I. 30), Anchor contends there are triable issues of material fact which would bar the granting of Richloom's Motion to Dismiss. In fact, there are none.

First, Anchor's infringement contentions are barred as a matter of law because of prosecution history estoppel. Second, under the all elements rule, Richloom's accused curtains cannot infringe the claims of the '633 patent. These issues are discussed in detail above and in Richloom's Memorandum (D.I. 26). There are no fact questions. Both parties agree that Richloom's accused curtains do not use beads. There is no infringement.

Many patentees have found themselves in Anchor's position and have argued, without success, that dismissal or summary judgment is inappropriate because there are genuine issues of fact. One such patentee met its fate in *Sage Products, supra,* where the Federal Circuit held:

> Once again, this case raises the question of why the law restricts application of the doctrine of equivalents without further fact finding in some cases while in other cases the law imposes no such restriction. The claim at issue defines a relatively simple structural device. A skilled patent drafter would foresee the limiting potential of the [element at issue]. No subtlety of language or complexity of the technology, nor any subsequent change in the state of the art, such as later-developed technology, obfuscated the significance of this limitation at the time of its incorporation into the claim. If Sage desired broad patent protection for any [invention] which performed a function similar to its [invention], it could have sought claims with fewer structural encumbrances. Had

8

>Sage done so, then the Patent and Trademark Office (PTO) could have fulfilled its statutory role in helping to ensure that exclusive rights issue only to those who have, in fact, contributed something new, useful and unobvious. Instead, Sage left the PTO with manifestly limited claims that it now seeks to expand through the doctrine of equivalents, However, as between a patentee who had a clear opportunity to negotiate broader claims but did not do so, and the public at large, it is the patentee who must bear the cost of its failure to seek protection for this foreseeable alteration of its claimed [invention].

126 F.3d at 1425(*citations omitted*).

Anchor is in the same position as Sage. The technology at issue, scalloped curtains, is not complex. Anchor must have appreciated the limitation of the bead element. If Anchor wanted broader claim coverage, it should have sought it before the PTO. It did not. This is yet a third reason why this action should be dismissed.

## V

### THE PETRONZI DECLARATION IS NOT RELEVANT

In support of its Opposition (D.I. 30), Anchor submitted a Declaration of Frank Petronzio. Mr. Petronzio is the president of Anchor and the inventor of the '633 Patent. The main point of the Petronzio Declaration is to state that Anchor manufactures its product in the US whereas Richloom manufactures its product in Pakistan, and that Anchor will lose sales to Richloom and will have to price its product more competitively.

In addition to the fact that there is no evidence of record to support these assertions, they are also not relevant. Infringement occurs when an infringing product or method is made, used, sold or offered for sale in the United States. 35 U.S.C. § 271(a). Where Richloom manufactures its curtains is not relevant. As for alleged lost sales or inability to charge higher prices, that is competition, to the consumer's benefit.

## CONCLUSION

From the face of the Amended Complaint and the Exhibits appended to it, it is clear that all of the asserted claims of the '633 Patent require the use of a "solid bead". Richloom's accused curtains do not use a solid bead, a bead of any type or an equivalent thereof. Therefore, Richloom's accused curtains cannot infringe any claims of the '633 Patent under the all elements rule. In addition, the doctrine of prosecution history estoppel prevents Anchor from arguing that a scalloped curtain which does not use a bead to form the scalloped configuration infringes the '633 Patent. For these reasons, the Amended Complaint should be dismissed with prejudice, but without prejudice to an application for attorneys' fees and costs pursuant to 35 U.S.C. § 285 or other applicable provisions of law.

Dated:  New York, New York
        October 9, 2015

>Respectfully submitted,
>
>TANNENBAUM HELPERN SYRACUSE
> & HIRSCHTRITT LLP.
>
>
>By:   s/L. Donald Prutzman
>      L. Donald Prutzman
>      Gerard F. Diebner
>      900 Third Avenue
>      New York, New York 10022
>      (212) 508-6700