UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**USDC-SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#:**
**DATE FILED:** 10/20/2016

---

ANCHOR SALES & MARKETING, INC.,

Plaintiff,

v.

RICHLOOM FABRICS GROUP, INC.,

Defendant.

No. 15-CV-4442 (RA)

OPINION & ORDER

---

RONNIE ABRAMS, United States District Judge:

The Court dismissed this patent infringement action on August 9, 2016. *Anchor Sales &*
*Mktg., Inc. v. Richloom Fabrics Grp., Inc.*, No. 15-CV-4442 (RA), 2016 WL 4224069 (S.D.N.Y.
Aug. 9, 2016). Defendant Richloom Fabrics Group, Inc. now moves for costs and fees pursuant
to 35 U.S.C. § 285, which permits courts to award attorney's fees in "exceptional" cases.[1] Because
the Court does not find this to be an exceptional case, Defendant's motion is denied.

## BACKGROUND

This case involved a dispute about scalloped configurations in curtains.[2] Plaintiff Anchor
Sales & Marketing, Inc. owns U.S. Patent No. 7,213,633 (the "'633 Patent"), which claims a
method for achieving such a configuration. Plaintiff alleged that Defendant manufactured curtains
that infringed on the '633 Patent, arguing that Defendant's curtains used an equivalent method of
"forming" and "maintaining" a "scalloped configuration." Pl.'s Opp. Def.'s Mot. Dismiss or
Summ. J. at 2. There was an important difference, however, between the method that the '633

---

[1] To the extent Defendant is seeking taxable costs pursuant to Federal Rule of Civil Procedure 54(d), this
motion is not the appropriate mechanism for doing so. *See* Local Civil Rule 54.1.
[2] The Court assumes familiarity with the procedural and factual background of the case. For a more detailed
recitation, see generally *Anchor Sales & Mktg.*, 2016 WL 4224069, at *1–3.

Patent teaches and the method that Defendant employed. The method that the '633 Patent teaches involves the use of a bead that slides up and down two ties. *See Anchor Sales & Mktg.*, 2016 WL 4224069, at *2. Defendant's curtains used fabric ties instead of a bead. *See id.* at *3.

In light of this difference, Plaintiff did not allege direct infringement, but sought instead to proceed under the doctrine of equivalents. "Under this doctrine, a product or process that does not literally infringe upon the express terms of a patent claim may nonetheless be found to infringe if there is 'equivalence' between the elements of the accused product or process and the claimed elements of the patented invention." *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 21 (1997) (quoting *Graver Tank & Mfg. Co. v. Linde Air Prods. Co.*, 339 U.S. 605, 609 (1950)). The Court concluded, however, that prosecution history estoppel barred Plaintiff from proceeding under the doctrine of equivalents. *See Anchor Sales & Mktg.*, 2016 WL 4224069, at *4–5. In the course of securing the '633 Patent, the patentee had distinguished his method from two instances of prior art, and did so by emphasizing "the presence and functioning of the beads" in his method. *Id.* at *2. Since the patentee had relied on that distinction to secure the '633 Patent, the Court determined that Plaintiff was barred from "arguing infringement under the doctrine of equivalents for methods that do not involve sliding a bead up and down." *Id.* at *5. The Court thus dismissed Plaintiff's Amended Complaint for failure to state a claim. *See id.* at *6. Defendant now moves for costs and fees pursuant to 35 U.S.C. § 285.

## LEGAL STANDARD

Courts are authorized to award attorney's fees in "exceptional" patent cases. 35 U.S.C. § 285. "[A]n 'exceptional' case is . . . one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness,*

*LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014). Courts determine whether a case is exceptional through a "case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.*   Factors for courts to consider include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Id.* n.6 (internal quotations marks omitted) (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19 (1994)). The determination is made using a preponderance of the evidence standard. *Id.* at 1758.

## DISCUSSION

This case does not "stand[ ] out from others with respect to the substantive strength of [Plaintiff's] litigating position . . . or the unreasonable manner in which the case was litigated." *Id.* at 1756. Defendant contends that the action was frivolous and objectively unreasonable, but the Court disagrees. Plaintiff's allegations raised a non-trivial question with respect to the doctrine of equivalents. The Court ultimately ruled against Plaintiff, but the issue was not "so clear-cut that it was unreasonable for [Plaintiff] to litigate the question until it obtained a ruling . . . on the matter." *Medtronic Navigation, Inc. v. BrainLAB Medizinische Computersysteme GmbH*, 603 F.3d 943, 957 (Fed. Cir. 2010) (reversing a district court's decision to award fees under 35 U.S.C. § 285 despite having affirmed the district court's decision that the plaintiff was barred from proceeding under the doctrine of equivalents due to prosecution history estoppel); *see also Stopinc Aktiengesellschaft v. J.W. Hicks, Inc.*, 131 F. Supp. 3d 763, 773–74 (N.D. Ind. 2015) (denying attorney's fees under 35 U.S.C. § 285 despite ruling against the plaintiff on the issue of prosecution history estoppel because "the answer [to the estoppel question] was not so immediately clear as to 'stand[ ] out from others with respect to the substantive strength of a party's litigating position.'"

3

(second alteration in original) (quoting *Octane Fitness*, 134 S. Ct. at 1756)), *aff'd*, No. 2016-1102, 2016 WL 3902670 (Fed. Cir. July 19, 2016) (per curiam).

      Defendant cites three cases where fees were awarded, and argues that "[t]he present case is at least as frivolous as the cases" it cites. Def.'s Mem. at 6–7. In the cases that Defendant cites, however, the challenged products differed from the claims of the relevant patents in ways that obviously vitiated the plaintiffs' allegations of infringement. *See generally Lumen View Tech., LLC v. Findthebest.com, Inc.*, 24 F. Supp. 3d 329 (S.D.N.Y. 2014), *aff'd*, 811 F.3d 479 (Fed. Cir. 2016); *Bovino v. Levenger Co.*, No. 14-CV-122 (RM) (KLM), 2016 WL 1597501 (D. Colo. Apr. 21, 2016); *Lugus IP, LLC v. Volvo Car Corp.*, No. 12-CV-2906 (JEI) (JS), 2015 WL 1399175 (D.N.J. Mar. 26, 2015).[3] In the Court's view, Plaintiff's case was simply not as weak. Plaintiff acknowledged the difference between the method taught by the '633 Patent and the method used in Defendant's curtains, but made a reasonable argument under the doctrine of equivalents. The fact that the Court rejected Plaintiff's argument does not make it frivolous or objectively unreasonable. *See Medtronic Navigation*, 603 F.3d at 957 ("While [the plaintiff's] argument [on prosecution history estoppel] was ultimately unsuccessful, we regard it as plausible, particularly in light of the fact that argument-based estoppel requires a 'clear and indisputable' disclaimer of subject matter."). Nor is there evidence in the record that Plaintiff's motivation for bringing this action was improper, or that the case presents a special need "to advance considerations of compensation and deterrence." *Octane Fitness*, 134 S. Ct. at 1756 n.6.

---

     [3] Two of the cases that Defendant cites also involved findings of bad faith or sanctionable misconduct by the plaintiff. *See Lumen View Tech.*, 24 F. Supp. 3d at 336 ("[The plaintiff's] motivation in this litigation was to extract a nuisance settlement from [the defendant] on the theory that [the defendant] would rather pay an unjustified license fee than bear the costs of the threatened expensive litigation."); *Bovino*, 2016 WL 1597501, at *8 (observing that the plaintiff had made misrepresentations to the court that were "almost certainly sanctionable under Rule 11."). Nothing comparable is alleged in this case.

## CONCLUSION

Defendant's motion is denied.  The Clerk of Court is respectfully directed to terminate item number 35 on the docket.

SO ORDERED.

Dated:     October 20, 2016
           New York, New York

_____
Ronnie Abrams
United States District Judge